UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNE BARTON<br>5407 32nd Street NW<br>Washington, DC 20015,<br><br>CAROL GRUNEWALD<br>5305 28th Street NW<br>Washington, DC 20015,<br><br>and<br><br>MARY ROWSE<br>3706 Morrison Street NW<br>Washington, DC 20015,<br><br>              Plaintiffs,<br><br>v.<br><br>U.S. GEOLOGICAL SURVEY,<br>12201 Sunrise Valley Dr.<br>Reston, VA 20192<br><br>and<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>1849 C. Street, N.W.<br>Washington, DC 20240,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civ. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552

et seq., seeking the release of agency records concerning the justification provided by the

National Park Service ("Park Service") for annually killing native wildlife—white-tailed deer—

in Rock Creek Park, i.e., that the native deer are interfering with the ability of the forest in this

national park to regenerate.  Plaintiffs have for years challenged the Park Service's decision to

begin killing the deer—the first time any wildlife has been killed in this national park since it was created in 1890. Plaintiffs believe that the deer are being killed for other reasons—i.e., to appease private landowners who live outside the Park and do not like the deer coming into their yards. Plaintiffs and others, including scientists who have studied the issue, believe that any problem that may exist with forest regeneration is due not to the deer, but other reasons, including that the Park Service has allowed Rock Creek Park to become overrun with exotic plant species that compete with the native species. Indeed, the Park Service's own internal records demonstrate that the Park Service has for years documented the negative impact of exotic plant species on the native plant species in the Park.

2.      To obtain further information about this matter, Plaintiffs submitted a FOIA request to the United States Geological Survey ("USGS") which has been studying the impact of deer on the Park. In particular, Plaintiffs seek records including scientific data collected, and statistical analyses conducted, in support of a report on the impacts of deer herbivory on vegetation in Rock Creek Park upon which the Park Service has relied for its deer-killing program. Plaintiffs challenge the USGS's decision to withhold a broad array of records— including records that contain purely scientific data regarding the extent of deer browsing in Rock Creek Park—under Exemption 5 of FOIA, 5 U.S.C. § 552(b)(5), the exemption for agency materials protected by the deliberative process. Although such information is purely factual in nature, USGS has withheld most of it from Plaintiffs in its entirety.

## JURISDICTION

3.      This Court has jurisdiction over this action and venue is proper here pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.     Plaintiffs Anne Barton, Carol Grunewald, and Mary Rowse are long-time residents of Washington, DC, and frequent visitors to Rock Creek Park.  They have a long-standing, demonstrated interest in the observation, study, and protection of the white-tailed deer in Rock Creek Park.  They are the requesters of the information at issue in this case.

5.     Defendant USGS is a federal agency within the United States Department of Interior.  It has possession of the information requested by Plaintiffs.

## FACTS GIVING RISE TO PLAINTIFFS' CLAIM

### A.     The Freedom of Information Act

6.     "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed."  *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (citations omitted).  FOIA was enacted to "permit access to official information long shielded unnecessarily from public view" by creating a "right to secure such information from possibly unwilling official hands."  *EPA v. Mink*, 410 U.S. 73, 80 (1973).  "[D]isclosure, not secrecy, is the dominant objective of the Act."  *John Doe*, 493 U.S. at 152 (citation omitted).

7.     Upon request, FOIA requires agencies of the federal government to conduct a reasonable search for requested records and to release them to the public, unless one of nine specific statutory exemptions applies to the requested information.  5 U.S.C. § 552(a)(3), (b).

8.     Exemption 5 exempts matters that are "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency," including records protected by the deliberative process.  *Id.* § 552(b)(5).

9.      FOIA requires that federal agencies release all non-exempt segregable information that is requested.  *Id.* § 552(b).

10.     Upon receiving a FOIA request, an agency has twenty working days to respond, *id.* § 552(a)(6)(A)(i), and it has twenty working days to respond to any appeal of its determination, *id* § 552(a)(6)(A)(ii).  A requester has exhausted administrative remedies "if the agency fails to comply with" either twenty day deadline.  *Id.* § 552(a)(6)(C)(i).  In that event, FOIA authorizes the requester to invoke the jurisdiction of a federal court to obtain the requested records.  *Id.* § 552(a)(4)(B).

**B.      Pertinent Factual Background**

11.     Seeking to monitor the results of the study and whether in fact it may be used as a justification for killing wildlife in the Park, Plaintiffs sought disclosure of records regarding a draft report completed by Ms. Cairn Kraft and Dr. Jeff Hatfield ("Kraft and Hatfield Report"), which discusses research conducted between 2001 and 2014 on the impacts of deer browsing on vegetation in Rock Creek Park.

12.     On December 16, 2016, Plaintiffs submitted a FOIA request seeking copies of the following information: (1) the completed statistical analysis contained in the Kraft and Hatfield Report; (2) the draft Kraft and Hatfield Report; (3) the final Kraft and Hatfield Report submitted to the National Park Service ("NPS"); (4) the raw data upon which the statistical analysis was based; (5) all peer review responses concerning the Kraft and Hatfield Report; and (6) any and all other documents pertaining to the statistical analysis referenced in the Kraft and Hatfield Report.

13.     In responding to Plaintiffs' request, the USGS denied Plaintiffs access to 227 electronic files, equivalent to 2447 pages, in their entirety, and portions of 238 additional pages,

on the grounds that the agency "reasonably foresee[s] that disclosure would harm an interest protected by one or more of the nine exemptions to the FOIA's general rule of disclosure; therefore, the documents are protected from release by" Exemption 5.  By the USGS's own admission, the withheld information includes purely factual information and scientific data, such as the "data interpretation, data analysis, and unanalyzed data."  The USGS's determination was dated February 9, 2017.

14.     On March 31, 2017, Plaintiffs submitted a timely administrative appeal of the USGS's decision to withhold information under Exemption 5, including the completed statistical analysis for the Kraft and Hatfield Report, the final report submitted to the NPS, and all of the raw data upon which the statistical analysis is based.  Plaintiffs asserted that the USGS had not justified its withholdings under Exemption 5 because scientific data and objective assessments of those data are neither "predecisional," nor "deliberative" for the purposes of Exemption 5, which is intended to safeguard advice or opinions.

15.     More than twenty working days have elapsed since Plaintiffs submitted their administrative appeal, and to date, the USGS has not responded to Plaintiffs' administrative appeal.

## PLAINTIFFS' CLAIM FOR RELIEF

16.     Plaintiffs hereby incorporate by reference the allegations of all the foregoing paragraphs as if fully set forth herein.

17.     By failing to produce all non-exempt information that is responsive to Plaintiffs' December 15, 2016 FOIA request, the USGS is violating FOIA.  5 U.S.C. § 552(a)(3).

18.     Plaintiffs have a right to obtain the requested records, and the USGS has no lawful basis for withholding the records.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1.      Declare Defendants in violation of FOIA;

2.      Order Defendants to immediately release to Plaintiffs all non-exempt information responsive to Plaintiffs' December 15, 2016 FOIA request;

3.      Award Plaintiffs their costs and attorneys' fees; and

4.      Award Plaintiffs such other and further relief as the Court may deem just and proper.

Respectfully submitted this 16th day of June, 2017.

> */s/ Katherine A. Meyer*
> D.C. Bar No. 244301
> Meyer Glitzenstein & Eubanks, LLP
> 4115 Wisconsin Ave. N.W., Suite 210
> Washington, D.C. 20016
> (202) 588-5206
> (202) 588-5049 (fax)
> kmeyer@meyerglitz.com
>
> */s/ Elizabeth Lewis*
> Elizabeth L. Lewis
> (pro hac vice application pending)
> Meyer Glitzenstein & Eubanks, LLP
> 4115 Wisconsin Ave. N.W., Suite 210
> Washington, D.C. 20016
> (202) 588-5206
> (202) 588-5049 (fax)
> llewis@meyerglitz.com